# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2026

Lyle W. Cayce
Clerk

_____

No. 25-10979

_____

Mary Dawes, *Individually and the Administrator of* the Estate of Decedent Genevive A. Dawes; Alfredo Saucedo; Virgilio Rosales,

*Plaintiffs—Appellants*,

*versus*

City of Dallas,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1424

_____

Before King, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Genevive Dawes and Virgilio Rosales were sleeping in their van in a Dallas apartment complex parking lot when six Dallas Police Department officers surrounded the vehicle in response to a suspicious-vehicle call. Awakened by lights, sirens, and shouted commands in the early morning hours, Dawes reversed slowly and collided with a police cruiser. Officers

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10979

Christopher Hess and Jason Kimpel ultimately fired thirteen rounds through the passenger window, killing Dawes and injuring Rosales. Rosales, Dawes's estate, and Dawes and Rosales's children sued the City of Dallas for failure to train under *Monell*[1] and the officers for excessive force under the Fourth Amendment. Both claims were brought pursuant to 42 U.S.C. § 1983.

A prior panel of our court affirmed the district court's grant of qualified immunity to the individual officers on the ground that the law was not clearly established. *Dawes v. City of Dallas*, No. 22-10876, 2024 WL 2268529, at *1 (5th Cir. May 20, 2024) (per curiam). The panel remanded the *Monell* failure-to-train claim against the City for further proceedings. *Id.* at *4.

On remand, the district court entered summary judgment for the City based on *Bustillos v. El Paso County Hospital District*, 891 F.3d 214, 222 (5th Cir. 2018), reasoning that plaintiffs could not establish deliberate indifference—and thus could not sustain their failure-to-train claim—absent clearly established law.[2]

*Bustillos* compels affirmance, and we are bound by that decision under our rule of orderliness. *Sprong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 305 (5th Cir. 2015).

AFFIRMED.

---

[1] *Monell v. City of New York*, 436 U.S. 658 (1978).

[2] The district court also found no underlying constitutional violation. We do not address that issue.

2